United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40228
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO GARCIA-CORONADO, also known as Poncho,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-377-1
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alfonso Garcia-Coronado (Garcia) appeals the sentence imposed by the district court after he pleaded guilty to two counts of a nine-count superseding indictment charging that he conspired to transport and harbor aliens for financial gain and that he was a felon in possession of a firearm. He first argues that the district court incorrectly applied the sentencing guidelines by assessing him a nine-level adjustment based on a factual finding that he transported more than 100 aliens.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia entered into a plea agreement wherein he waived his right to appeal a sentence imposed within the guidelines range. Although neither party addresses the waiver, we will do so because a waiver of the right to appeal would deprive this court of jurisdiction. See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).

A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999). The defendant must know that he "had a right to appeal his sentence and that he was giving up that right." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994)(internal quotations and citation omitted); see also FED. R. CRIM. P. 11(c)(6) (the district court has a duty to advise the defendant of the terms of the waiver-of-appeal provision)(version applicable to guilty pleas entered prior to Dec. 1, 2002). An appeal in contravention of the waiver provision should be dismissed. United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).

Garcia's argument that the district court erred in its fact-finding regarding the number of aliens smuggled "is plainly waived by the agreement." See Martinez, 263 F.3d at 438. Moreover, the record demonstrates that the district court complied with FED. R. CRIM. P. 11(c)(6) by advising Garcia of the terms of the waiver-of-appeal provision. Garcia indicated that he knew the rights he was giving up under the terms of the plea

agreement.  Because the waiver was knowing and voluntary, it will be enforced.  See Melancon, 972 F.2d at 568.

Garcia's second argument is that the 120-month sentence he received on the firearms count amounted to an unjustified upward departure.  Because Garcia preserved his right to appeal a sentence not within the guidelines range, this court must determine whether the sentence was within the guidelines range or whether it amounted to an upward departure from that range.

When multiple counts are contained in the same indictment, "the sentence imposed on each count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of [Chapter Five]."  U.S.S.G. § 5G1.2(b) & comment. (n.1).  The "total punishment" is determined by combining the offense levels for the offenses, "taking the offense level applicable to the Group with the highest offense level and increasing that offense level" in accordance with the table in § 3D1.4.  U.S.S.G. §§ 3D1.4, 3D1.5.  "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently . . . ."  U.S.S.G. § 5G1.2(c).

The 120-month term of imprisonment on the firearms count was not the result of an upward departure, but rather the result of the district court's correct application of the sentencing guidelines.  Accordingly, Garcia's challenge to the sentence is waived under the terms of the plea agreement.  Garcia's argument

that <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), provides additional grounds for reversal of his sentence is foreclosed in this court. <u>See</u> <u>United States v. Pineiro</u>, No. 03-30437, 2004 WL 154170, *1 (5th Cir. July 12, 2004). The appeal is DISMISSED. <u>See</u> <u>Martinez</u>, 263 F.3d at 439.

APPEAL DISMISSED.