IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

No. 03-40228
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALFONSO GARCIA-CORONADO, also known as Poncho,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 04-8039
--------------------
ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: [*]

    We dismissed Alfonso Garcia-Coronado's (Garcia's) appeal of
the district court's sentence for conspiracy to transport and
harbor aliens for financial gain. *See United States v. Garcia-
Coronado*, 108 Fed. Appx. 939 (5th Cir. 2004), *vacated by* 125 S.
Ct. 1362 (2005). He argued that his sentence constituted

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

reversible error because, *inter alia*, the district court violated his Sixth Amendment rights under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). We dismissed his appeal, ruling that reversal of Garcia's sentence on *Blakely* grounds was foreclosed by *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), *vacated by* 125 S. Ct. 1003 (2005). Garcia subsequently appealed to the U.S. Supreme Court. The Supreme Court vacated this Court's judgment and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Garcia entered into a plea agreement wherein he waived his right to appeal a sentence imposed within the U.S. Sentencing Guideline range. The district court followed the applicable guidelines in this case. Thus, Garcia's *Booker* argument is foreclosed by his plea agreement. *See United States v. McKinney*, __ F.3d __, 2005 U.S. App. LEXIS 6530, *6-10 (5th Cir. Apr. 15, 2005).

Assuming *arguendo* that we could entertain a *Booker*-based appeal of Garcia's sentence, we still would not reverse his sentence or vacate it and remand for resentencing. Garcia did not object on Sixth Amendment/*Booker* grounds to his sentence in the district court. Therefore, we would review his sentence for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Under that standard we will reverse if an appellant can show that (1) there is error; (2) the error is plain; and (3) the

error affects "substantial rights," *i.e.*, the error "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 732-34 (1993). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."'" *United States v. Cotton*, 535 U.S. 625, 631 (2002) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Assuming Garcia's sentence constitutes *Booker* error, we find that his substantial rights were not affected. In order to show that substantial rights were affected, Garcia must "demonstrate[] that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." *Mares*, 402 F.3d at 521. A review of the sentencing hearing does not yield any evidence that the sentencing judge would have reached a different result. Thus, on this ground, we affirm Garcia's sentence in the alternative.

Accordingly, we reinstate our prior judgment affirming Garcia's sentence.