United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-41288
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASPER RIVERA, also known as Diablo,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-175-TH-ESH-1

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jasper Rivera appeals the sentence imposed following his guilty-plea conviction on one count of carjacking and one count of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2119, 924(c). Rivera contends that certain sentencing enhancements violate the Sixth Amendment rule announced in *United States v. Booker*, 125 S. Ct. 738 (2005), and the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by adjusting his offense level for abducting his victims. Neither Rivera nor the Government addresses the effect of the appeal-waiver in Rivera's written plea agreement. We examine that waiver *sua sponte*. *See* **United States v. Martinez**, 263 F.3d 436, 438 (5th Cir. 2001); *cf.* **United States v. Rhodes**, 253 F.3d 800, 804 (5th Cir. 2001) (disregarding waiver provision where Government expressly chose *not* to rely on it).

Our review of the guilty-plea hearing transcript demonstrates the waiver was both informed and voluntary. *See* **United States v. Portillo**, 18 F.3d 290, 292-93 (5th Cir.), *cert. denied*, 513 U.S. 893 (1994); **United States v. Melancon**, 972 F.2d 566, 568 (5th Cir. 1992). Rivera's challenges do not fall within any of the four exceptions to the waiver (punishment exceeding the statutory maximum; upward departure; arithmetic errors in guideline calculations; and ineffective assistance of counsel that affects the waiver's validity). *See*, *e.g.*, **United States v. Bond**, 414 F.3d 542 (5th Cir. 2005) ("statutory maximum" in waiver refers to maximum allowed by statute, not the guideline maximum authorized by guilty plea or jury verdict); **United States v. McKinney**, 406 F.3d 744, 746-47 (5th Cir. 2005) (sentence imposed in violation of

**Booker** rule did not constitute upward departure). Accordingly, Rivera's appeal is **DISMISSED** because it is barred by his waiver.

2

Counsel are cautioned that failure in the future to brief the effect of an appeal-waiver may result in the imposition of sanctions.

*DISMISSED*