**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 27, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11196
Conference Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROY L BROWN

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-164-ALL-N
--------------------

ON PETITION FOR REHEARING

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roy L. Brown petitions for panel rehearing in light of the holding in United States v. Booker, 125 S. Ct. 738 (2005), that Blakely v. Washington, 124 S. Ct. 2531 (2004), is applicable to the Federal Sentencing Guidelines. We now GRANT the petition for rehearing, withdraw our earlier opinion, and substitute the following. See FED. R. APP. P. 40(a)(4)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brown appeals following his guilty plea to securities fraud, in violation of 15 U.S.C. §§ 77q(a) and 77x, and bank fraud, in violation of 18 U.S.C. § 1344.  Brown pleaded guilty pursuant to a written plea agreement that contained a waiver of the right to appeal.  We may examine Brown's plea agreement sua sponte to determine whether we may hear his claims.  United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).  We conclude that the appeal is barred by the plain language of Brown's knowing and voluntary appeal waiver in the plea agreement.  See United States v. Bond, __ F.3d __, No. 04-41125, 2005 WL 1459641, at *3-4 (5th Cir. June 21, 2005); United States v. McKinney, 406 F.3d 744, 746-47 (5th Cir. 2005).

PETITION FOR REHEARING GRANTED; APPEAL DISMISSED.