United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30923
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MEREDITH M. MATHERNE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-201-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Meredith M. Matherne appeals the sentence imposed following her conviction on a guilty plea on one count of using a communications facility to distribute a controlled substance and on one count of possession of methamphetamine. She asserts that the use of any statements obtained from Matherne, pursuant to an agreement to grant immunity, to increase her offense level is a violation of due process and that the district court relied upon insufficiently reliable evidence in determining the extent of her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relevant conduct.  Matherne also asserts that certain sentencing enhancements violate the Sixth Amendment rule announced in United States v. Booker, 125 S. Ct. 738 (2005).

The Government urges us to enforce the appeal waiver provision contained in Matherne's plea agreement, and we do so. See United States v. Martinez, 263 F.3d 436, 437-38 (5th Cir. 2001).  Our review of the rearraignment transcript demonstrates that the waiver was both informed and voluntary.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994); United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992). Matherne's first two sentencing challenges are precluded by the waiver as neither of them goes to the limited exceptions thereto. Nor does Matherne's Booker challenge fall within either of the two exceptions to the waiver.  See, e.g., United States v. Bond, ___ F.3d ___, No. 04-41125, 2005 WL 1459641, at *3 (5th Cir. June 21, 2005) (statutory maximum in waiver refers to maximum allowed by statute, not Guidelines maximum authorized by guilty plea or jury verdict); United States v. McKinney, 406 F.3d 744, 746-47 (5th Cir. 2005) (sentence imposed in violation of Booker rule did not constitute upward departure).  Accordingly, Matherne's appeal is barred by the waiver and is DISMISSED.

APPEAL DISMISSED.