United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 04-41709
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**FIDEL ROBERTTO VASQUEZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Eastern District of Texas
(4:04-CR-115-ALL)**

Before BARKSDALE, STEWART, AND CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fidel Roberto Vasquez appeals the 96-month sentence imposed following his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Vasquez contends the district court violated *United States v. Booker*, 125 S. Ct. 738 (2005) when it sentenced him pursuant to a mandatory application of the Sentencing Guidelines. He also claims the enhancement of his sentence violated the Sixth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it was based on facts not admitted by him or proven to a jury.

As Vasquez concedes, he did not object on these grounds in the district court. Therefore, our review is only for plain error. *See **United States v. Valenzuela-Quevedo***, 407 F.3d 728, 732 (5th Cir.), *cert. denied*, 2005 WL 1811485 (U.S. 3 Oct. 2005) (No. 05-5556). Accordingly, Vasquez must show obvious error that affects his substantial rights. *See **United States v. Mares***, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 2005 WL 816208 (U.S. 3 Oct. 2005) (No. 04-9517).

Before applying this standard, we must address Vasquez's plea agreement, which contained a provision waiving the right to appeal other than for: "(a) any punishment imposed in excess of the statutory maximum; (b) any upward departure from the guideline range deemed most applicable by the sentencing court; (c) arithmetic errors in the guidelines calculations; and (d) a claim of ineffective assistance of counsel". Vasquez does not explicitly raise any of these four bases on appeal, and our precedent forecloses a claim that a sentence given pursuant to the mandatory guidelines is an upward departure. ***United States v. McKinney***, 406 F.3d 744, 746-47 (5th Cir. 2005).

Neither Vasquez nor the government addresses the effect of the appeal-waiver, which we may examine *sua sponte*. *See **United States v. Martinez***, 263 F.3d 436, 438 (5th Cir. 2001); ***United States v.***

2

***Rhodes***, 253 F.3d 800, 804 (5th Cir. 2001) (disregarding waiver provision where Government expressly declined to rely on it). In this instance, we need not do so, because Vasquez's appeal fails under the applicable plain error standard of review.

To establish that a ***Booker*** error affects substantial rights, Vasquez must show the district court would have reached a significantly different result under an advisory Guidelines system. ***Mares***, 403 F.3d at 521. Vasquez fails to point to anything in the record indicating the district court would have imposed a different sentence had it known the Sentencing Guidelines were advisory. Given the lack of any indication in the record that the district court would have reached a different conclusion, Vasquez has failed to establish plain error. *See **id.*** at 520-22.

Counsel are cautioned that future failure to brief the effect of an appeal-waiver may result in sanctions.

***AFFIRMED***