United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-40559
_____

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

                     versus

REYNALDO HINOJOSA-AGUIRRE,

                                      Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1700-1

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[1]

    Reynaldo Hinojosa-Aguirre pleaded guilty to possession with intent to distribute 50,383 pills of 3,4-Methylenedioxy Methamphetamine. In a written plea agreement, he agreed to waive "the right to appeal the sentence (or the manner in which it was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground." On direct appeal, this court rejected his challenge to the constitutionality of the statute of conviction.[2] United States

_____

    [1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [2]Hinojosa-Aguirre did not appeal his sentence.

v. Hinojosa-Aguirre, 95 Fed. Appx. 640 (5th Cir. 2004). After the Supreme Court denied his petition for a writ of certiorari, Hinojosa-Aguirre filed a timely petition for rehearing, requesting relief from the Supreme Court under Blakely v. Washington, 124 S.Ct. 2531 (2004). The Supreme Court granted the petition for rehearing, vacated its denial of the petition for writ of certiorari, granted certiorari, and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Jimenez-Velasco v. United States, 125 S.Ct. 1110 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

Hinojosa-Aguirre argues in his supplemental brief that, because there is no evidence in the record that the parties contemplated or discussed the right to sentencing under the Sentencing Guidelines as construed in Booker, the court cannot find that he intentionally relinquished his right to appeal his sentence. As Hinojosa-Aguirre acknowledges, this contention is foreclosed by our opinion in United States v. McKinney, 406 F.3d 744 (5th Cir. 2005). See also Brady v. United States, 397 U.S. 742, 757 (1970) ("a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise"). Because Hinojosa-Aguirre validly waived his right to appeal his sentence, we decline to address his contentions regarding his sentence.

2

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior decision in this case. We therefore reinstate our judgment affirming Hinojosa-Aguirre's conviction.

JUDGMENT REINSTATED.