United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-20364
Summary Calendar

United States of America

Plaintiff-Appellee,

versus

Lewis Olakunle Afolabi,
also known as Afodunribi Olutoye-Bello

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(USDC No. 4:03-CR-349-1)

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lewis Olakunle Afolabi pleaded guilty to conspiracy to commit bank fraud and was sentenced to 30 months imprisonment and three years of supervised release. Afolabi's plea agreement contained a appeal waiver provision:

> The defendant is aware that Title 18 United States Code, Section 3742 afford a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence imposed or the manner in which it was determined on the grounds set forth in Title 18 United States Code, Section 3742, except only that he may appeal any upward departure from the [Sentencing Guidelines] not requested by the United States.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Afolabi argues that this appeal waiver does not preclude his arguments, raised for the first time, that (1) under *United States v. Booker*, his sentence was unconstitutionally increased based on facts not admitted by him or found by a jury; and (2) the district court erred in sentencing him under the then-mandatory Sentencing Guidelines. The government seeks to enforce the appeal waiver provision.

Afolabi raises three arguments, none with merit, in an attempt to avoid the appeal waiver provision. First, Afolabi argues that his appeal waiver does not bar consideration of his *Booker* claim because neither *Booker* or *Blakely* had been decided at the time he waived his right to appeal. We rejected that argument in *United States v. Burns*, stating: "We join the other circuits in holding that an otherwise valid appeal waiver is not rendered invalid, or inapplicable in an appeal seeking to raise a *Booker* or *Fanfan* issue . . . merely because the waiver was made before *Booker*."[1] *Burns* is slightly distinguishable from this case, although that difference is of no moment. Specifically, Afolabi's appeal waiver occurred pre-*Blakely*, while Burns's occurred post-*Blakely*, pre-*Booker*. The difference does not matter, as the Supreme Court has held that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later

[1]433 F.3d 442, 450-51 (5th Cir. 2005).

2

judicial decisions indicate that the plea rested on a faulty premise."[2]

Afolabi's next two contentions are foreclosed by circuit precedent. Afolabi argues that his *Booker* claim fits within the exception to the appeal waiver for upward departures because the district court sentenced him based on facts not proven to a jury or admitted by the defendant. We rejected that argument in *United States v. McKinney*.[3] Afolabi argues that the appeal waiver does not preclude this Court from considering a claim that a sentence exceeds the statutory maximum. We rejected that argument in *United States v. Bond*.[4]

In short, Afolabi's appeal waiver is valid. The record plainly indicates that Afolabi knowingly and voluntarily waived his right to appeal.[5] Because the only issues that Afolabi raises on appeal are precluded by the appeal waiver provision, Afolabi's appeal is DISMISSED.

---

[2] *Brady v. United States*, 397 U.S. 742, 757 (1970).

[3] 406 F.3d 744, 746 (5th Cir. 2005).

[4] 414 F.3d 542, 545-46 (5th Cir. 2005).

[5] *McKinney*, 406 F.3d at 746.