IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-10034
Conference Calendar

UNITED STATES OF AMERICA

                              Plaintiff-Appellee

v.

DWAYNE ARTONIO MAYES, also known as Monster

                              Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-41-3

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dwayne Artonio Mayes appeals the 188-month sentence imposed following his guilty plea conviction for conspiracy to distribute and possess with the intent to distribute cocaine base. Mayes contends that the district court erred under Kimbrough v. United States, 128 S. Ct. 558 (2007), in sentencing him because it calculated his offense level by applying the guidelines provision for cocaine base rather than powder cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has filed a motion for summary affirmance, arguing that the appeal is barred by the waiver-of-appeal provision in Mayes's plea agreement. Alternatively, the Government seeks an extension of time to file a merits brief. Our review of the record shows that Mayes's appeal waiver was knowing and voluntary and that, under the plain language of the plea agreement, the waiver applies to the circumstances at hand. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005). Therefore, Mayes's appeal waiver bars review of the issue he seeks to raise on appeal.

After counsel filed his brief, Mayes moved to relieve his counsel and for appointment of substitute counsel. "Counsel may be relieved upon a showing that there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel." FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT, § 5(B). Mayes has not made the requisite showing.

The district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED. Mayes's motion to relieve appointed counsel and to appoint new counsel is DENIED.