# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-10564
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RENE BAZAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-186-13

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rene Bazan appeals the 120-month sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Bazan pleaded guilty pursuant to a written plea agreement, wherein Bazan agreed to waive his right to appeal his conviction and sentence except in limited circumstances. Bazan acknowledges the appeal waiver, but argues that he reserved his right to raise an ineffective assistance of counsel claim and to appeal a sentence in excess of the statutory maximum.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has filed a motion for dismissal or summary affirmance, arguing that Bazan's ineffective assistance of counsel claim is not ripe for review and his appeal of his sentence is barred by the waiver-of-appeal provision in the plea agreement. Alternatively, the Government seeks an extension of time to file a merits brief. Our review of the record shows that Bazan's appeal waiver was knowing and voluntary. See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005).

Bazan argues that his trial counsel rendered ineffective assistance by failing to detect a clerical error concerning the amount of drugs attributable to him in the stipulated facts contained in the Factual Resume. He argues that this error was carried forward to sentencing when counsel failed to object to the computations contained in the presentence report, which based his offense level on the amount of drugs set forth in the Factual Resume. The record in this case is not sufficiently developed to permit a fair evaluation of Bazan's ineffective assistance of counsel claim. See United States v. Gulley, 526 F.3d 809, 821 (5th Cir.), cert, denied, ___ S. Ct. ___, 2008 WL 2463795 (2008); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Bazan is not precluded from filing a 28 U.S.C. § 2255 within one year of the date his conviction becomes final.

Bazan also argues that his 120-month sentence exceeds the statutory maximum. He argues that the statutory maximum in this case was limited to 105 months, which represents the upper limit of the guidelines range of imprisonment calculated using the amount of drugs Bazan claims he is responsible for.

This court has previously determined that the term "statutory maximum" in a waiver-of-appeal provision means the maximum penalty provided in the statute of conviction. See United States v. Bond, 414 F.3d 542, 545-46 (5th Cir. 2005). The statutory maximum penalty for Bazan's offense is 40 years. 21 U.S.C. § 841(b)(1)(B)(vii). Bazan's sentence does not exceed the statutory

maximum. Therefore, Bazan's appeal of his sentence is barred by the waiver-of-appeal provision contained in the plea agreement.

The judgment is AFFIRMED. The Government's motion for summary affirmance is GRANTED. The Government's motion to dismiss the appeal and alternate motion for an extension of time to file a merits brief are DENIED.