United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2005

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

―――――――――

m 04-41223

―――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

AUNDRE MCKINNEY,

Defendant-Appellant.

―――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
m G-03-CR-06

―――――――――――――――

Before DAVIS, SMITH, and
DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Aundre McKinney appeals his sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Because McKinney waived his right to appeal as part of his plea agreement, we dismiss the appeal.

I.

McKinney pleaded guilty to federal narcotics charges pursuant to a cooperation agreement with the government. In consideration for the plea, the government agreed not to oppose a three-level reduction from the applicable base offense level, under the sentencing guidelines, for McKinney's prompt acceptance of responsibility. The agreement plainly states that McKinney was not limiting the court's consideration of his

"relevant conduct that relates specifically to the controlled substance cocaine base for which he [McKinney] may have been involved in distributing during the life of the charged offenses."

The government conditionally agreed to recommend a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) if McKinney cooperated in the investigation and/or prosecution of others involved in the offenses set forth in the indictment. The plea agreement outlines McKinney's understanding of his sentencing exposure, noting that "the sentence to be imposed is discretionary with the sentencing judge and further [McKinney] understands that if the sentencing judge imposes a sentence up to the maximum established by statute, [McKinney] cannot for that reason alone, withdraw his guilty plea and will remain bound by all the obligations of this agreement."

The agreement specifically notes the maximum sentence available for the offense to which McKinney pleaded guilty. Importantly, the agreement contains a provision waiving McKinney's right to appeal unless the district court upwardly departed from the applicable guidelines range:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant *waives* his rights to appeal and collaterally attack his conviction or the sentence assessed by the Court, unless the Court upwardly departs from the guidelines.

Pursuant to recommendations in the presentence report ("PSR"), the district court engaged in factfindingSSfor example, determining the total cocaine base for which McKinney was to be held responsibleSSthat increased the applicable sentencing range under the guidelines. The court adopted the PSR's recommendation to give McKinney a three-level downward adjustment for acceptance of responsibility, to which the government did not object.

The resulting sentencing range was 135 to 168 months' imprisonment. The government made a motion for downward departure on the ground that McKinney had rendered substantial assistance to the government pursuant to U.S.S.G. § 5K1.1. That motion was granted, resulting in a sentence of 84 months.

In response to the PSR, McKinney objected based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which held a state sentencing scheme unconstitutional under the Sixth Amendment because it allowed a defendant to receive a sentence higher than that based on facts found by a judge and not admitted to by the defendant or found by a jury. The district court overruled McKinney's objections because of *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), *vacated*, 125 S. Ct. 1003 (2005), which held that *Blakely* does not apply to the federal sentencing guidelines.

McKinney moves that the judgment of sentence be vacated and remanded for resentencing in light of *Booker*, 125 S. Ct. at 746 (opinion of Stevens, J.), which held that *Blakely* extends to constitutional infirmities in the federal sentencing guidelines insofar as it makes *mandatory* upward adjustments from the maximum authorized sentence supported by the facts established by a plea of guilty or jury verdict, based on facts found by a judge at

2

sentencing.[1] The government counters with a motion to dismiss the appeal on the ground that by his plea agreement McKinney waived the right to appeal any sentence that does not exceed the statutory range and does not upwardly depart from the range established by the guidelines.

## II.
### A.

A defendant may waive his statutory right to appeal if the waiver is knowing and voluntary.[2] We apply normal principles of contract interpretation when construing plea agreements.[3]

McKinney does not allege, and there is no indication in the record, that his ratification of the plea agreement was anything but knowing and voluntary. As we stated in *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994):

> [W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and

that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal.

Because McKinney indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary.

### B.

We must determine whether the waiver applies to the circumstances at hand, based on the plain language of the plea agreement. According to the language of the agreement, appeal is waived "unless the Court upwardly departs from the guidelines." The exception is not met, because no upward departure was assessedSSMcKinney was sentenced to 84 months, which is *under* the applicable guidelines range as calculated by the district court.

McKinney argues that an upward departure was in fact assessed because *Booker* dictates that a guidelines calculation may be made based only on facts admitted by the defendant or found by a jury beyond a reasonable doubt. Assuming *arguendo* that McKinney's calculations are correct, this definition of "guidelines range" would allow him to avoid the appeal waiver provision, because he was sentenced to 84 months, and he claims that the facts admitted in his guilty plea authorized a maximum of only 57 months.

Unfortunately for McKinney, however, *Booker* does not change the definition of a "guidelines range," as he contends. *Booker* only strikes down the *mandatory* application of guidelines ranges that are based on facts not

---

[1] In his objection, McKinney claimed that the district court was authorized to sentence him to only 46-57 months, based on facts solely contained in his guilty plea.

[2] *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. A defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'") (citing *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992)).

[3] *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999) ("[W]e apply general principles of contract law in order to interpret the terms of the plea agreement.")

found by a jury beyond a reasonable doubt or admitted by a defendant; *Booker* not only allows a district court to find facts and calculate guidelines ranges, but *requires* a court to calculate and consider them, although a court may now tailor sentences based on other statutory concerns as well.[4]  Although *Booker* influences the way the guidelines ranges may be ultimately applied, it does not contain any language changing the definition of what an appropriate guidelines range is.

Because the district court was still allowed to calculate McKinney's advisory guideline range based on facts to which he did not admit and that were not found by a jury beyond a reasonable doubt, the range from which we determine whether McKinney was granted an upward departure (for the purpose of the appeal-waiver provision) was 135 to 168 months.  McKinney was sentenced to 84 months, which is no departure.[5]

Finally, McKinney is bound to his obligations under the plea agreement; the government has fulfilled all its own promises and has been faithful to the agreement.  As promised, it did not object to the PSR's recommended three-level downward adjustment for acceptance of responsibility, and it moved for a downward departure for substantial assistance.

The motion to remand is DENIED; the motion to dismiss the appeal is GRANTED; and the appeal is DISMISSED.[6]

---

[4] *See Booker*, 125 S. Ct. at 756-57 (opinion of Breyer, J.) (holding that severing the unconstitutional provisions of the guidelines renders them "advisory" and "*requires* a sentencing court to consider Guidelines ranges, . . . but it permits the court to tailor the sentence in light of other statutory concerns as well . . .") (emphasis added); *see also United States v. Mares,* 2005 U.S. App. LEXIS 3653, at *19 (5th Cir. Mar. 4, 2005) ("[The] duty to consider the Guidelines will ordinarily require the sentencing judge to determine the applicable Guidelines range even though the judge is not required to sentence within that range.  The Guideline range should be determined in the same manner as before *Booker/Fanfan*.  Relatedly, Booker contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing.").

[5] We thus agree with two other circuits that have reached the same conclusion, i.e., that *Blakely* and *Booker* do not alter the plain meaning of appeal-waiver provisions in valid plea agreements.  *See United States v. Rubbo*, 396 F.3d 1330 (11th Cir. 2005); *see also United States v. West*, 392 F.3d 450 (D.C. Cir. 2004).  Both cases rejected the argument that *Blakely* and its progeny altered the meaning of "statutory maximum" for the purposes of an appeal-waiver provisionSSan argument not advanced by McKinney.  *See Rubbo,* 396 F.3d at 1334-35; *see also West*, 392 F.3d at 460.

[6] The government's motion to extend the time for filing its brief is DENIED as unnecessary.