United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50558
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO IGNACIO MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-1138-ALL-KC
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Julio Ignacio Mendez ("Mendez") appeals from his guilty-plea

conviction for conspiracy to possess with intent to distribute

five kilograms or more of cocaine.  Mendez contends that the

district court misapplied the Sentencing Guidelines by

attributing to him, pursuant to U.S.S.G. § 1B1.3, an additional

10.08 kilograms of cocaine.  Specifically, he argues that he was

involved in delivering only 4.92 kilograms and had no knowledge

that his co-defendants had negotiated a total of 15 kilograms of

cocaine with an undercover agent.  Mendez also contends that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's determination that he was responsible for an additional 10.08 kilograms of cocaine is unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004), because he admitted to conspiring to possess with the intent to distribute only 4.92 kilograms of cocaine.  Mendez further contends that the district court erred in denying him a minor role adjustment.

Mendez argues that he is entitled to appeal his Blakely claim, despite an appeal waiver, which excluded only an upward departure, because his Blakely claim "involves an issue of constitutional dimension."  Mendez further argues that he is entitled to appeal his sentence because the statutory waiver of appeal, which he executed in his plea agreement, was not done knowingly.  He contends that his appeal waiver was unknowing and involuntary because he was in "a lot of pain" due to a recent surgery.  He also argues that the district court made no inquiry into whether he understood that he was waiving his right to appeal any sentence imposed by the district court.

The record indicates that Mendez's waiver was knowing and voluntary.  See United States v. Robinson, 187 F.3d 516, 518 & n.2 (5th Cir. 1999).  The district court specifically advised Mendez that, pursuant to the plea agreement, he could appeal his sentence only if there was an upward departure.  Mendez responded that he understood.  Prior to accepting Mendez's guilty plea, the district court asked Mendez's counsel if he had any concerns regarding the competency of his client.  Mendez and his attorney

assured the district court that, despite his health, he was competent to enter his guilty plea and understood the consequences of his guilty plea, including the waiver-of-appeal provision.  Because Mendez waived the right to appeal his sentence, we do not address his contentions regarding his sentence, including his <u>Blakely</u> claim.  See <u>United States v. McKinney</u>, ___ F.3d ___, No. 04-41223, 2005 U.S. App. LEXIS 6530, at *5-6 & nn.2-3 (5th Cir. April 15, 2005); <u>United States v. Melancon</u>, 972 F.2d 566, 567 (5th Cir. 1992).

AFFIRMED.