United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 03-30526
Summary Calendar

SEALED APPELLEE,

Plaintiff-Appellee,

versus

SEALED APPELLANT,

Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana
(02-CR-29-1)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana. The district court sentenced Appellant to 87 months of imprisonment and five years of supervised release.

In his guilty plea, Appellant waived "the right to appeal [the] sentence on any ground" on direct appeal and in any post conviction proceeding, including a motion under 28 U.S.C. § 2255.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant, however, reserved the right to appeal "any punishment imposed in excess of the statutory maximum" (40 years) and "any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court."

Appellant asserts the appeal waiver does not preclude this appeal because the sentence was based on judicial findings of fact neither admitted by Appellant nor found by a jury. Appellant contends the sentence, therefore, exceeds the statutory maximum as defined in *Blakely v. Washington*, 124 S. Ct. 2531, 2537 (2004)(statutory maximum is the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*" (emphasis in original)).

Given our court's very recent holding in *United States v. McKinney*, ___ F.3d ___, No. 04-41223, Slip op. at 3-4, (5th Cir. 15 April 2005), that neither *Blakely* nor *United States v. Booker*, 125 S. Ct. 738 (2005), changes the meaning of "guidelines range" for a guilty-plea appeal-waiver, we doubt Appellant's contention that these cases change the definition of "statutory maximum" is meritorious. Even if this appeal is not precluded by Appellant's appeal-waiver, the claims raised fail plain error review.

Relying on *Blakely*, Appellant asserts for the first time on appeal that the district court made findings at sentencing on drug quantity and on his role in the offense in violation of the Sixth

2

Amendment.   Appellant contends the use of these findings to increase his sentence was reversible plain error.

To demonstrate plain error, Appellant must show an error is obvious and affects his substantial rights.  *See **United States v. Mares***, ___ F.3d ___, 2005 WL 503715 *1, *8-*9 (5th Cir. 4 Mar. 2005).   To show the error affected his substantial rights, Appellant must demonstrate that "the sentencing judge — sentencing under an advisory scheme rather than a mandatory one — would have reached a significantly different result".  ***Id.*** at *9.  Appellant has not demonstrated the district court would have imposed a different sentence.

***AFFIRMED***

3