United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30785
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CUVILLIER, SR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-199-6-J
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Charles Cuvillier, Sr., appeals his sentence following a

guilty plea to conspiracy to distribute more than 50 grams of

cocaine base and more than five kilograms of cocaine

hydrochloride.  Cuvillier executed a plea agreement waiving

certain of his appellate rights; however, he reserved the right

to appeal "any punishment imposed in excess of the statutory

maximum."  Cuvillier's sentence is based solely on facts to which

he stipulated in connection with his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nevertheless, Cuvillier argues that his sentence exceeds the statutory maximum sentence allowable under United States v. Booker, 125 S. Ct. 738 (2005), because he did not knowingly and voluntarily waive his rights under the Sixth Amendment when he stipulated to the facts supporting his guilty plea. Thus, he contends that the waiver provision in his plea agreement does not bar his appeal. He further argues that he must be resentenced because the district court's belief that the sentencing guidelines were mandatory prevented the court from considering potential mitigating evidence.

Our review of the record shows that Cuvillier's waiver of his appellate rights was knowing and voluntary. This appeal is barred by the "plain language" of the waiver because Cuvillier's 180-month term of imprisonment, which is based solely on his own admissions, does not exceed the statutory maximum term of life imprisonment that could have been imposed for the offense. United States v. McKinney __ F.3d __, No. 04-41223, 2005 WL 887153 at *2 (5th Cir. April 15, 2005); 21 U.S.C. § 841(b)(1)(A); see Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004).

AFFIRMED.