United States Court of Appeals
Fifth Circuit

**F I L E D**

July 6, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50485
Summary Calendar

_____

UNITED STATES OF AMERICA,

                         Plaintiff-Appellee,

versus

JUAN CARLOS RIVA-MERA-OCAMPO,

                         Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-2031-ALL-KC
---------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Juan Carlos Riva-Mera-Ocampo (Riva) appeals his conviction
and sentence imposed on a guilty-plea for fraud and misuse of
visas, permits, and other documents.  18 U.S.C. § 1546.  Riva
argues that there was an insufficient basis to support his guilty
plea and that the district court erred in assigning an adjustment
under the sentencing guidelines.

    As Riva concedes, he did not challenge the factual basis for
his plea in district court, therefore the issue is reviewable for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error only.  See United States v. Vonn, 535 U.S. 55, 59 (2002).  Both Riva's information and factual basis in support of his plea agreement reflect that he presented a permanent resident alien card issued to a "Jose Gonzalez-Granados" and that Riva represented himself to be that person.  The transcript from Riva's plea hearing reflects that the district court thoroughly questioned Riva regarding his understanding of the information and factual basis.  Riva stated that he understood the nature of the charge and that he was voluntarily entering his guilty plea.  Accordingly, the district court did not commit plain error in accepting the factual basis for Riva's guilty plea.  See Vonn, 535 U.S. at 59.

Riva also argues that the district court erred in assigning an adjustment to his sentencing guidelines range based upon the use of a passport or visa in the commission of a felony offense pursuant to U.S.S.G. § 2L2.2(c)(1)(Nov. 2003).  Riva's plea agreement provided for a waiver of the right to appeal any sentence except for an upward departure from the guideline range.  During the plea hearing, Riva stated that he understood the appeal waiver provision contained in his plea agreement.  See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).  Because Riva entered a voluntary plea agreement containing a waiver provision and because the district court imposed a sentence within the relevant guideline range, Riva's challenge to his sentence is waived on appeal.  See United States v. McKinney,

406 F.3d 744 (5th Cir. 2005).

Accordingly, the judgment and sentence of the district court are AFFIRMED.