United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20846
Summary Calendar

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

BRETT COHEN,

                                   Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-546-3
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Brett Cohen appeals his 180-month sentence, following his

guilty-plea conviction for conspiracy to possess with intent to

distribute methylenedioxymethamphetamine (MDMA).  Cohen

challenges the district court's application of the federal

Sentencing Guidelines to the facts of his case.  As part of

Cohen's plea agreement, however, he knowingly and voluntarily

waived his right to appeal his sentence except for an upward

departure.  See United States v. McKinney, 406 F.3d 744, 746 (5th

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2005); <u>United States v. Portillo</u>, 18 F.3d 290, 292-93 (5th Cir. 1994). We therefore decline to consider Cohen's arguments that challenge the district court's application of the Sentencing Guidelines.

We do consider, however, Cohen's contention that the district court erroneously decided that an upward sentencing departure was warranted under the facts of his case. Cohen also contends that the extent of the departure was unreasonable. Cohen has not shown that the decision to upwardly depart was either unreasonable or an abuse of discretion. <u>See</u> <u>United States v. Saldana</u>, 427 F.3d 298, 310 & n. 46 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 810 (2005). The decision was grounded in an acceptable basis. <u>See</u> 18 U.S.C. § 3553(a)(2). Further, the extent of the departure was acceptable. <u>See</u> <u>Saldana</u>, 427 F.3d at 132-13.

AFFIRMED.