United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20898
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO GARCIA-LOZANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-446-2
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Fernando Garcia-Lozano (Garcia) appeals the sentence imposed following his guilty-plea conviction for conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He asserts that the district court's strict adherence to the Sentencing Guidelines without adequate consideration of the factors in 18 U.S.C. § 3553(a) resulted in an unreasonably high sentence. He also asserts that the district court clearly erred in imposing firearm and leader/organizer enhancements under the Guidelines. In addition,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia seeks to adopt by reference the arguments raised by his co-defendants. However, because he is the sole appellant in this case, we will not consider arguments that are not contained in his brief. See FED. R. APP. P. 28 (i).

The Government asserts that Garcia is barred from appealing his sentence by the appeal waiver in his plea agreement. The provision states that "the defendant waives the right to appeal the plea, conviction and sentence (or the manner in which it was determined) . . . except for an upward departure." We apply the normal principles of contract interpretation when construing a plea agreement. United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005). So long as the defendant's agreement to a waiver provision was knowing and voluntary, the waiver will be enforced. Id.

Garcia knowingly and voluntarily waived his right to appeal in the absence of an upward departure. The district court admonished him of the effect of the waiver provision, and Garcia stated that he understood. The court sentenced him at the low end of the guidelines range. Because there was no upward departure, Garcia's appeal is barred by the plain meaning of the plea agreement. See id. at 746-47. Accordingly, the judgment of the district court is AFFIRMED.