**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4658**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONYA S. GIBSON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (1:05-cr-00126-5)

Submitted: December 21, 2006          Decided:  December 29, 2006

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Tinney, Jr., THE TINNEY LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Charleston, West Virginia, Miller A. Bushong III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tonya S. Gibson pled guilty to aiding and abetting money laundering, 18 U.S.C. § 1956(a)(1)(B)(I) (2000), and was sentenced to a term of sixty-six months imprisonment. Gibson appeals her sentence, alleging that the district court's consideration of facts she did not admit in determining her base offense level and a two-level enhancement for sophisticated money laundering under U.S. Sentencing Guidelines Manual § 2S1.1(b)(3) (2005), violated the Sixth Amendment, pursuant to United States v. Booker, 543 U.S. 220 (2005). Because Gibson did not raise this issue below, we review it for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993). We affirm.

Gibson was sentenced in June 2006 under the advisory guideline system mandated by Booker. After Booker, courts must calculate the appropriate advisory guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). To determine the advisory guideline range, the court must consider relevant conduct. See United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006) ("[T]he court must correctly determine, after making appropriate findings of fact, the applicable guideline range."); see also United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (in advisory guideline system,

- 2 -

district court may find facts that go beyond defendant's admissions); United States v. McKinney, 406 F.3d 744, 747 (5th Cir. 2005) (court may calculate advisory guideline range based on facts neither admitted by defendant nor found by jury beyond reasonable doubt). Therefore, we discern no error, much less plain error, in the district court's consideration of Gibson's relevant conduct.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED