IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-10046
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DON WHITLEY LIVELY, also known as Don Whitley Liveley

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CR-41-ALL

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Don Whitley Lively appeals the 71-month sentence imposed following his guilty plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred when it enhanced his sentence pursuant to U.S.S.G. §§ 2K2.1(b)(6) and 3C1.2 because both enhancements were based on the same conduct.

The Government has filed a motion for summary affirmance arguing that the appeal is barred by the appellate-waiver provision in Lively's plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement. Alternatively, the Government requests an extension of time in which to file a brief on the merits. Lively has filed a response arguing that because his appeal is based on the district court's alleged violation of his substantive and procedural due process rights, his appeal is not barred by the appellate-waiver provision.

Our review of the record shows that Lively's appeal waiver was knowing and voluntary and that, under the plain language of the plea agreement, the waiver applies to the circumstances at hand. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005); United States v. McKinney, 406 F.3d 744, 746-47 (5th Cir. 2005). Therefore, Lively's appeal waiver bars review of the issue he seeks to raise on appeal.

Accordingly, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED.