# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 1, 2010

Lyle W. Cayce
Clerk

No. 09-40973
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BALDOMERO FARIAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-403-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Baldomero Farias pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and was sentenced, *inter alia*, to 121 months' imprisonment and a $25,000 fine.  In his plea agreement, Farias waived the right to appeal his conviction and sentence, including appeal rights conferred by 18 U.S.C. § 3742.  Farias also waived the right to contest his conviction and sentence in any collateral proceedings under 28 U.S.C. § 2255 or by means of any post-conviction proceeding.  He reserved the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to appeal a sentence imposed above the statutory maximum or an upward departure from the Sentencing Guidelines which had not been requested by the United States.

Without addressing the appeal waiver, Farias contends that, because the Government agreed to recommend the lowest end of the Guidelines sentencing range, the Government was barred from seeking a fine of $50,000. The Government responds: in his plea agreement Farias waived his right to appeal, *inter alia*, his sentence; the listed exceptions to the waiver do not apply; and it did not breach the plea agreement by recommending a fine. *See United States v. Keresztury*, 293 F.3d 750, 755-57 (5th Cir. 2002) (holding that, if the Government has breached a plea agreement, defendant is necessarily released from an appeal waiver provision contained therein). (Farias did not file a reply brief.)

The terms of the waiver in the plea agreement were read aloud at the plea hearing, the district court specifically questioned Farias about the waiver-of-appeal provision, and Farias stated that he understood it. The record reflects that Farias's waiver was both knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005).

The Government complied with its obligations under the plea agreement by recommending a sentence of imprisonment at the lowest end of the Guidelines range, recommending three points for acceptance of responsibility, and moving to dismiss the remaining counts of the superseding indictment.

The exceptions to the waiver-of-appeal provision do not apply. Therefore, Farias is bound by that provision and may not appeal his sentence. *See McKinney*, 406 F.3d at 746-47.

DISMISSED.