# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 17, 2010

Lyle W. Cayce
Clerk

No. 07-40518
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALICIA ARIZPE-DUQUE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1626-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alicia Arizpe-Duque (Arizpe) appeals her guilty plea conviction for conspiracy to hostage taking in violation of 18 U.S.C. § 1203(a). Arizpe argues for the first time on appeal that her guilty plea was unknowing and involuntary because the magistrate judge failed to comply with Federal Rule of Criminal Procedure 11 in various respects, including by failing to address her personally in order to determine whether her guilty plea was voluntary and not the result of force, threats, or promises apart from plea agreement; by failing to explain the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's obligation to calculate the applicable guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and by failing to address her personally and to determine whether she understood the provisions of the appeal waiver or of the waiver of the right to raise issues on collateral review.

Our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Arizpe must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If she makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* In evaluating whether an alleged Rule 11 violation affects a defendant's substantial rights, we look to whether, in light of the entire record, there exists a "reasonable probability that, but for the error, [s]he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Arizpe has not shown and the record does not indicate that, but for the alleged Rule 11 errors, she would not have pleaded guilty. *See id.* Moreover, because Arizpe acknowledged that she reviewed and signed the plea agreement, which contained the waiver of direct and collateral relief with respect to her conviction and sentence, she will be held to the bargain to which she agreed, even though the district court did not specifically admonish her concerning the waiver. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). The district court's judgment is AFFIRMED.