# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2012

No. 12-30068
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON J. THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-206-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Brandon J. Thomas appeals the 120-month term of imprisonment imposed following his guilty plea conviction of possession with intent to distribute 50 grams or more of cocaine base.

Thomas maintains that the district court erred by failing to apply the Fair Sentencing Act (FSA), Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (Aug. 3, 2010), because Congress intended it to apply to all post-enactment sentencing. After the parties' briefs were filed, the Supreme Court held that the FSA's more

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30068

lenient penalties for cocaine base offenses apply to a defendant who committed an offense before the FSA's August 3, 2010, effective date but was sentenced after that date. *Dorsey v. United States*, 132 S. Ct. 2321, 2329-35 (2012). Thomas's offense occurred in July 2010, but he was not sentenced until January 2012. Thus, *Dorsey* requires that he be sentenced under the FSA. *See* 132 S. Ct. at 2329-35. The Government, however, seeks to enforce the waiver-of-appeal provision.

Pursuant to a written plea agreement, Thomas waived the right to directly appeal his conviction and sentence, reserving only the right to appeal any sentence imposed in excess of the statutory maximum. He does not challenge the validity of the waiver provision, and we are satisfied that the waiver of appeal was voluntarily, knowingly, and intelligently made. *See United States v. McKinney*, 406 F.3d 744, 745-46 (5th Cir. 2005). Thomas's argument that his waiver should not be enforced due to public policy concerns is without merit.

AFFIRMED.