# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 30, 2013

Lyle W. Cayce
Clerk

No. 12-41313
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISMAEL GALLEGOS MOLINA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-6-38

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

In accordance with a written agreement, Ismael Gallegos Molina pleaded guilty to one charge of conspiring to distribute and to possess with intent to distribute cocaine and methamphetamine. The district court imposed a within-guidelines sentence of 108 months in prison and a two-year term of supervised release. As part of the agreement, Gallegos Molina broadly waived his right to appeal his conviction and sentence, reserving only the right to appeal any punishment imposed in excess of the statutory maximum and the right to appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.  In this appeal, he argues that the waiver should not be enforced because it was not knowing and voluntary.  He also contends that he was sentenced in contravention of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that the district court erred by not crediting him for time spent in custody prior to sentencing.  The Government argues that the appeal is barred by the appeal waiver provision of the plea agreement.

A defendant may waive his right to appeal if the waiver is made knowingly and voluntarily.  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  A defendant's waiver is knowing and voluntary if he indicates that he has read and understood the plea agreement, which contains an "explicit, unambiguous waiver of appeal."  *McKinney*, 406 F.3d at 746.  Additionally, courts conducting rearraignment hearings must ascertain that defendants understand provisions in plea agreements waiving the right to appeal.  FED.R.CRIM.P. 11(b)(1)(N).

The record reflects that the magistrate judge explained the appeal waiver provision to Gallegos Molina at rearraignment.  Gallegos Molina indicated that he had read the plea agreement and that he understood the waiver of appellate rights.  Consequently, Gallegos Molina's appeal is barred by his waiver of his appellate rights.  *See McKinney*, 406 F.3d at 746.

The judgment of the district court is AFFIRMED.