# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-30072
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RODNEY TYDUS, JR.,

Defendant - Appellant

————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-166-1

————

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Rodney Tydus, Jr., proceeding *pro se* and *in forma pauperis*, pleaded guilty to conspiracy to possess, with the intent to distribute, five kilograms or more of cocaine hydrochloride and was sentenced *inter alia*, to the mandatory minimum sentence of 120 months' imprisonment. Tydus' guilty plea was made pursuant to a plea agreement in which he waived the right to appeal, *inter alia*, his conviction and sentence. Tydus contends the district court failed to

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-30072

comply with Federal Rule of Criminal Procedure 11(b)(1)(N) (requiring district court to determine defendant understands any provision waiving right to appeal or collaterally attack sentence). He seeks to invalidate the appeal waiver, in order to challenge his sentence as in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding any fact increasing mandatory-minimum sentence is element of crime and not sentencing factor). The Government seeks enforcement of the waiver.

Because Tydus did not object in district court to an alleged Rule 11(b)(1)(N) error, review is for plain error only. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011). Under that standard, Tydus must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Tydus demonstrated at the re-arraignment hearing that he had read and understood the plea agreement, which included the appeal waiver, and raised no question regarding that provision; therefore, the waiver is valid. *See United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary.") (quoting *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)).

DISMISSED.