# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20554

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JIM DIAL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:10-CR-56-3

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Jim Dial pleaded guilty to conspiracy to commit wire fraud pursuant to a written plea agreement in which he waived all appeals except, as relevant here, an appeal of a sentence entered in excess of the statutory maximum. Dial appeals the restitution order entered by the district court, and the government counters by asserting the appeal waiver. We conclude (and Dial does not seriously dispute) that the record shows that the appeal waiver was knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20554

Dial does not contend that the appeal waiver is inapplicable to restitution orders in general but does contend that this particular restitution order was "in excess of the statutory maximum" because it encompasses amounts that are not within the losses permitted by the restitution statute.

We conclude that the record is inadequate to address this contention because we do not have the materials apparently presented to the district court and upon which the government contends that the district court relied. We conclude that, in the interests of justice, we should remand the case for a hearing on the restitution order at which the evidence upon which the district court relied is made part of the record. At this hearing, the parties should have an opportunity to present their arguments regarding the restitution order to the district court. The burden is on the government to establish the appropriate amount of restitution, and the district court should reassess the question based upon the evidence that the government has entered into the record. *United States v. Sharma*, 703 F.3d 318, 325 (5th Cir. 2012) ("[T]he [Mandatory Victim Restitution Act] puts the burden on the government to demonstrate the amount of a victim's loss . . . ."). Accordingly, we VACATE the restitution order and REMAND for proceedings consistent herewith.