# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30202
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DON M. ANDREW, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-266-2

Before WIENER, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Don M. Andrew, Jr., pleaded guilty to multiple counts of conspiracy, arson, wire and mail fraud, and use of fire to commit a federal felony and was sentenced to a total of 240 months of imprisonment and a five-year term of supervised release. Andrew's plea was made pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, which stipulated that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties agreed to the imposition of a 240-month sentence and contained a waiver of the right to appeal.

On appeal, Andrew argues that the district court plainly erred by failing to provide fact-specific reasons for imposing the sentence. The Government moves to dismiss the appeal as barred by a knowing and voluntary appeal waiver, or alternatively, for summary affirmance or an extension of time to file a merits brief.

To determine whether Andrew's appeal of his sentence is barred by the appeal waiver, we analyze whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). As Andrew concedes, his challenge to his sentence falls within the scope of his appeal waiver. Further, the record reflects that Andrew knew that he had a right to appeal and that he was giving up that right; thus, the waiver was knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005). Although he asserts that he could not have knowingly and voluntarily waived his right to appeal his sentence before it was imposed, "the uncertainty of [an] Appellant's sentence does not render his waiver uninformed." *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992).

Accordingly, the Government's motion to dismiss is GRANTED, and the appeal is DISMISSED. The Government's alternative motion for summary affirmance is DENIED, and the motion for an extension of time to file a merits brief is DENIED as unnecessary.