# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50583
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS URIAS-MARQUEZ, also known as Joe Luis Urias-Marquez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-239-4

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Luis Urias-Marquez challenges the substantive reasonableness of the 235-month sentence he received upon pleading guilty to possession with intent to distribute marijuana and aiding and abetting. Although Urias-Marquez's plea agreement contained an express waiver of his right to appeal his sentence on any ground, he contends that the waiver is invalid and unenforceable because the district court failed, under Federal Rule of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50583

Procedure 11, to adequately advise him about the nature of the charge to which he was pleading or the scope of the appeal waiver itself. The Government asks us to enforce the appellate waiver and dismiss the appeal.

As Urias-Marquez failed to preserve his challenges to the Rule 11 admonishments, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002). The record confirms the district court's compliance with Rule 11 at rearraignment. The court informed Urias-Marquez of the nature of the charges by reciting each element of possession of marijuana with intent to distribute and aiding and abetting, which Urias-Marquez, under oath, confirmed that he understood. *See United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001). It also recited the material portions of the appeal waiver provision, which Urias-Marquez, again under oath, confirmed he understood. "[S]olemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009). The record demonstrates that Urias-Marquez knew he had a right to appeal and knew he was giving up that right by pleading guilty. *See United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005).

The waiver in this case is valid and enforceable and plainly bars Urias-Marquez's appeal of his sentence. The appeal is DISMISSED.