# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40767
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACKELINE HORTENCIA RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-537-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jackeline Hortencia Ramirez pleaded guilty to possession with intent to distribute 50 grams or more of actual methamphetamine pursuant to a written agreement with the Government that waived her right to appeal or collaterally attack her conviction or sentence, retaining only the right to bring claims of ineffective assistance of counsel. She now argues that the appeal waiver is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

invalid and, therefore, her case should be returned to the district court so that she can proceed to trial or enter a new plea.

We review for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Alvarado-Casas*, 715 F.3d 945, 955 (5th Cir. 2013). Under the plain error standard of review, Ramirez must show (1) "an error or defect—some sort of '[d]eviation from a legal rule'—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant"; (2) that such error is clear or obvious; and (3) that such error affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano,* 507 U.S. 725, 732–734 (1993)). If Ramirez makes the requisite showing, we have the discretion to correct the error if allowing the error to stand would "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

The district court did not err plainly or otherwise, and the appeal waiver is valid and enforceable. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Because Ramirez does not assert any claims that would not be barred by the appeal waiver, the judgment of the district court is AFFIRMED.