# United States Court of Appeals for the Fifth Circuit

---

No. 22-20508
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Herbert Perry, Jr.,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-118-1

---

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Herbert Perry, Jr., pleaded guilty pursuant to a written plea agreement to aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. He was sentenced to, *inter alia*, 132-months' imprisonment and ordered, *inter alia*, to pay a $3,000 fine. He contends his trial counsel was ineffective because

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

he did not:  timely file a notice of appeal (NOA); and object to the district court's imposition of the fine.

He contends he should be allowed an untimely appeal and concedes our court generally does not consider ineffective assistance of counsel claims on direct appeal, but he maintains we should consider his claim concerning the fine because it is not cognizable under 28 U.S.C. § 2255.

Perry knowingly and voluntarily waived his right to appeal the conviction and sentence, including the fine; thus, the appeal waiver is valid and enforceable. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  The Government has invoked the waiver in this court.  Therefore, to the extent that Perry is challenging the fine directly, his claim is barred by the appeal waiver. *See id.*

In the appeal waiver, however, Perry reserved the right to claim ineffective assistance of counsel.  "Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (citation omitted).  This court will consider ineffective assistance claims on direct appeal "only in rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim". *Id.* (citation omitted).  We conclude the record is sufficiently developed for our considering Perry's two claims.

First, Perry's NOA was required to be filed within 14 days from the "entry" of judgment. Fed. R. App. P. 4(b)(1)(A)(i).  For the purposes of Rule 4(b), judgement is entered "when it is entered on the criminal docket". Fed. R. App. P. 4(b)(6).  Although Perry's judgment of conviction was filed 12 September 2022, it was not entered on the docket until the following day, 13 September.  Therefore, his 27 September 2022 NOA was timely filed, and he, therefore, fails to show counsel was ineffective on that basis.

Next, assuming his trial counsel was ineffective in failing to object to the fine, Perry has not shown the requisite prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694, 697 (1984) (providing defendant must show reasonable probability outcome would be different absent counsel's ineffectiveness). The record reflects that the district court considered the information in the presentence investigation report concerning Perry's ability to pay a fine and determined he had the ability to pay a reduced fine of $3,000 in installments during his incarceration and after release. Perry has not identified any additional evidence his trial counsel could have presented to demonstrate that he was incapable of paying a fine. Therefore, he has not shown there is a reasonable probability that, but for counsel's failing to object, the district court would not have imposed the fine. *See Strickland*, 466 U.S. at 694.

AFFIRMED.