# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-11043
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Salvador Sanchez Garcia,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-118-2

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Salvador Sanchez Garcia pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and was sentenced to 140 months of imprisonment and three years of supervised release. In the plea agreement, Sanchez Garcia waived his right to appeal and to collaterally

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

challenge his conviction and sentence but preserved the right to, inter alia, challenge the voluntariness of his guilty plea and the appeal waiver.

On appeal, Sanchez Garcia argues that the magistrate judge's failure to comply with Federal Rule of Criminal Procedure 11(b)(1)(N) rendered his guilty plea void as unknowing and involuntary. Sanchez Garcia did not object to the court's colloquy, therefore we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Under that standard, Sanchez Garcia must "demonstrate that his substantial rights were affected by the [court]'s alleged failure to explain the terms of the appeal waiver adequately." *United States v. Oliver*, 630 F.3d 397, 412 (5th Cir. 2011). Even if the error is plain, we may only vacate if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Rule 11 specifically requires that the court, before it accepts a plea of guilty, "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). However, the court is not required to "specifically admonish[] [the defendant] concerning the waiver of appeal." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). Rather, the court need only confirm that the defendant "read the agreement, understood its contents, and wished to plead guilty." *Id.*; *see United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because [the defendant] indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary.").

Here, the fully executed, valid plea agreement contained a clearly written, unambiguous waiver-of-appeal provision, and the magistrate judge confirmed that Sanchez Garcia had read that provision, discussed it with his

attorney, and understood its terms. "Nowhere in the record is there any indication that [Sanchez Garcia] did not understand or was confused by the waiver-of-appeal provision," and therefore he "will be held to the bargain to which he agreed," notwithstanding the absence of a recitation of the terms of the waiver during the plea colloquy. *Portillo*, 18 F.3d at 292-93. Accordingly, Sanchez Garcia has not demonstrated plain error. *See Oliver*, 630 F.3d at 412; *see also Puckett*, 556 U.S. at 135.

AFFIRMED.