# United States Court of Appeals for the Fifth Circuit

---

No. 23-10043
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Alberto Spears, Jr.

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-194-6

---

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jorge Alberto Spears, Jr., pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with the intent to distribute cocaine, and he was sentenced to 151 months of imprisonment and three years of supervised release. In the plea agreement, Spears waived his right to appeal his conviction and sentence, with certain limited exceptions.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10043

In this direct appeal from that sentence, Spears argues that the magistrate judge who conducted his plea colloquy did not comply with Federal Rule of Criminal Procedure 11(b)(1)(N). That rule requires that, before accepting a plea of guilty, a court must "inform the defendant of, and determine that the defendant understands … the terms of any plea-agreement provision waiving the right to appeal … the sentence." *Id.* Because Spears did not raise this objection in the district court, our review is for plain error. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011).

The record reflects that the plea colloquy was sufficient to ensure that Spears understood the terms of the appeal waiver in accordance with Rule 11(b)(1)(N), and that the appeal waiver was knowing and voluntary. *See id.* at 411–12; *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

The magistrate judge specifically advised Spears that the plea agreement "contains a waiver of your right to appeal except under certain limited circumstances." Following that admonishment, the magistrate judge confirmed that Spears had read and understood the appeal waiver provision and that he knowingly and voluntarily waived his right to appeal as set forth in that provision. The magistrate judge also confirmed that Spears had read and understood the plea agreement prior to signing it. Moreover, the magistrate judge asked Spears if he had any questions about the information covered in the colloquy, and Spears said that he did not. Under these circumstances, Spears has not demonstrated any plain error with respect to the plea colloquy. *See Oliver*, 630 F.3d at 411–12.

AFFIRMED.