# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10741
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Wayne Eylar,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-26-1

————————————————————

Before Higginbotham, Stewart, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Anthony Wayne Eylar pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, and he was sentenced to 360 months of imprisonment and four years of supervised release. In the plea agreement, Eylar waived his right to appeal his conviction and sentence, with certain limited exceptions.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10741

In this appeal, Eylar argues that the magistrate judge who conducted his plea colloquy did not comply with Federal Rule of Criminal Procedure 11(b)(1)(N). That rule requires that, before accepting a plea of guilty, a court must "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal . . . the sentence." FED. R. CRIM. P. 11(B)(1)(N). Because Eylar did not raise this objection in the district court, our review is for plain error. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011).

The record reflects that the plea colloquy was sufficient to ensure that Eylar understood the terms of the appeal waiver in accordance with Rule 11(b)(1)(N), and that the appeal waiver was knowing and voluntary. *See id.* at 411-12; *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Under these circumstances, Eylar has not demonstrated any plain error with respect to the plea colloquy. *See Oliver*, 630 F.3d at 411-12.

AFFIRMED.

2