# United States Court of Appeals for the Fifth Circuit

———————

No. 23-11216
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

XAVERONE JAMAL THOMAS,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-181-1

_____

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Xaverone Jamal Thomas appeals his conviction for possession with intent to distribute fentanyl. For the first time on appeal, he contends that the magistrate judge who conducted his plea colloquy did not comply with Federal Rule of Criminal Procedure 11(b)(1)(N).

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-11216

Our review is for plain error. *United States v. Vonn*, 535 U.S. 55, 58–59 (2002). So Thomas must show that (1) there is an error; (2) the error is clear or obvious; and (3) it affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Rule 11(b)(1)(N) requires that, before accepting a guilty plea, "the court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). Contrary to Thomas's assertions, Rule 11 does not require the court to "specifically admonish[] [the defendant] concerning the waiver of appeal." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). Rather, Rule 11 is satisfied when, as here, the record "clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision." *Id.*; *see also United States v. Kelly*, 915 F.3d 344, 350 (5th Cir. 2019). Thomas verified that he reviewed the waiver with his attorney, fully understood it, and voluntarily agreed to it both in writing and at the hearing.

Thus, the record reflects that the plea colloquy was sufficient to ensure that Thomas understood the terms of the appeal waiver in accordance with Rule 11 and that the appeal waiver was knowing and voluntary. *See United States v. Alvarado-Casas*, 715 F.3d 945, 955 (5th Cir. 2013); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Under these circumstances, Thomas has not shown plain error.

2

Even if there were error, Thomas has failed to argue, let alone prove, that any error affected his substantial rights or that "but for the error, he would not have entered the plea." *See Dominguez Benitez*, 542 U.S. at 83. Accordingly, he has not met his "burden of establishing [his] entitlement to plain-error relief." *See id.*

AFFIRMED.