**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2011

Lyle W. Cayce
Clerk

No. 10-50520
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES RAY LERMA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-20-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Ray Lerma pleaded guilty pursuant to a written plea agreement to aiding and abetting the distribution of heroin within 1000 feet of a public housing facility and received a sentence of 76 months in prison, in the middle of the applicable guidelines range. Pursuant to his plea agreement, Lerma waived his right to appeal his conviction or sentence, although he reserved the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct. On appeal, Lerma asserts that his trial counsel rendered ineffective assistance,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50520

which potentially resulted in his failure to receive a sentence at the bottom of the applicable guidelines range.  Lerma also apparently contends that his 76-month sentence violated his due process rights.

The record is insufficiently developed to allow consideration at this time of Lerma's ineffective assistance claims. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).  As for Lerma's allegations that he was denied due process, such claims are barred by the waiver-of-appeal provision in his plea agreement, which was knowing, voluntary, and enforceable.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N).  Consequently, the judgment of the district court is AFFIRMED.