**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2011

Lyle W. Cayce
Clerk

No. 11-40319
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANNON THOMAS PITTS,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-124-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Shannon Thomas Pitts pleaded guilty, pursuant to a written agreement, to one count of bank robbery and was sentenced to a 71-month term of imprisonment and to a three-year term of supervised release. As part of the agreement, Pitts broadly waived his right to appeal his conviction and sentence, reserving only the right to appeal any punishment imposed in excess of the statutory maximum and the right to appeal based on a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40319

On appeal, Pitts contends that the district court erred in imposing a two-level enhancement under U.S.S.G § 2B3.1(b)(2)(F).  The Government argues that the appeal is barred by the appeal waiver provision of the plea agreement.

A defendant may waive his right to appeal if the waiver is made knowingly and voluntarily.  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, this court conducts a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement.  *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

A defendant's waiver is knowing and voluntary if he indicates that he has read and understood the plea agreement, which contains an "explicit, unambiguous waiver of appeal."  *McKinney*, 406 F.3d at 746.  District courts must ascertain that defendants understand provisions in plea agreements waiving the right to appeal.  FED. R. CRIM. P. 11(b)(1)(N).

The record reflects that the magistrate judge explained the appeal waiver provision to Pitts at the change of plea hearing.  Pitts indicated that he had read the plea agreement and that he understood the waiver of appellate rights.  In view of the foregoing, Pitts's appeal is barred by the waiver provision of the plea agreement.  *See Bond*, 414 F.3d at 544.

AFFIRMED.