# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2012

No. 12-60125

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JETHRO BROWN,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CR-102-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jethro Brown pleaded guilty to conspiracy to possess a controlled substance, was sentenced to 280 months in prison, and now appeals that sentence. The Government has moved to dismiss the appeal because, as part of his plea agreement, Brown expressly waived his right to appeal his conviction and sentence. We grant the motion and dismiss the appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60125

"A defendant may waive his statutory right to appeal if the waiver is knowing and voluntary."[1] The district court questioned Brown about whether he understood the plea agreement and had discussed it with counsel. The court specifically asked Brown if he understood he was giving up his right to appeal. Brown said he understood and entered a guilty plea.

Brown now argues that he could not fully appreciate the terms of his plea. Brown told the district court his education stopped in eighth grade and he was a slow reader, but he confirmed he understood the English language and the purpose of the proceedings. There is no indication in the record that he did not comprehend the agreement or the explicit waiver of appeal. Because Brown "indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary,"[2] and the waiver is therefore valid.

Brown also contends he had ineffective assistance of counsel in connection with his sentencing. "[T]he general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations."[3] Brown's claim was not raised below, so we decline to consider it now.

\* \* \*

IT IS ORDERED that appellee's motion to dismiss the appeal is GRANTED. IT IS FURTHER ORDERED that appellee's alternative motion for summary affirmance is DENIED AS MOOT.

---

[1] *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

[2] *Id.*

[3] *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (alteration in original) (quoting *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992)).