# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2012

No. 11-51221
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN CANTRELL, also known as Steven Scott Cantrell,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-294-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Steven Cantrell pleaded guilty to damage or destruction of real religious property (count one), use of fire to commit damage or destruction of real religious property (count two), interfering with housing (count three), and arson (count four). He was sentenced to 330 months on count one and a statutorily mandated consecutive term of imprisonment of 120 months on count two. Cantrell received concurrent terms of 120 months and 240 months of imprisonment on the remaining counts, resulting in a total sentence of 450 months of imprisonment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to be followed by five years of supervised release. Cantrell appeals his conviction and sentence.

Mischaracterizing his conviction on count one as an arson conviction, Cantrell argues that his sentences on count one and count two are multiplicitous in violation of the prohibition against double jeopardy and therefore constitute an arithmetical error. Cantrell pleaded guilty pursuant to a plea agreement wherein he waived his right to appeal his conviction and sentence. However, he reserved the right to appeal a sentence in excess of the statutory maximum or an arithmetical error that occurred at sentencing. He further reserved the right to challenge the voluntariness of the plea or waiver and the effective assistance of counsel.

The Government invokes the appeal waiver and asserts that Cantrell's challenge to his sentence is barred from appellate review. The record shows that Cantrell's appeal waiver is valid. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Cantrell's constitutional challenge to his sentence on grounds of double jeopardy is not a claim involving arithmetical error and is therefore barred by the waiver. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Cantrell also argues that his guilty plea was unknowing and involuntary because the district court erroneously informed him that he faced a mandatory consecutive sentence of 10 years of imprisonment on count two. He asserts that the court misspoke and informed him that the sentence would run consecutive to "any penalty imposed for that conviction," referencing his conviction on count two rather than count one. He also attempts to challenge the validity of the sentence in this claim, arguing that the court's information regarding the consecutive 10-year sentence was erroneous because such a sentence would violate his protection against double jeopardy. As previously stated, any challenge to his sentence on grounds of double jeopardy is barred by the appeal waiver.

No. 11-51221

He did not object to the alleged violation of Federal Rule of Criminal Procedure 11 in the district court, and thus his argument is reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). At the rearraignment proceeding, the district court informed Cantrell that he faced a maximum possible sentence of life imprisonment on count one and a mandatory consecutive term of ten years of imprisonment on count two. Although the district court made a slight mistake in phrasing, there is no indication that Cantrell was unaware of the maximum sentences he faced. Moreover, Cantrell fails to show that there is a reasonable probability that he would not have pleaded guilty but for this alleged error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Accordingly, the judgment of the district court is AFFIRMED.