# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 26, 2013

Lyle W. Cayce
Clerk

No. 12-40087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-118-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Israel Gonzalez appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 500 grams or more of a substance containing methamphetamine or 50 grams or more of actual methamphetamine. He argues that the district court erred by not reducing his sentence based on his previous state parole revocation sentence and not ordering that his sentence run concurrently or partially concurrently with any future

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state parole revocation sentence.  The Government asserts that Gonzalez's appeal is barred by the appeal waiver in Gonzalez's plea agreement.

A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary.  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement.  *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  We review the validity of an appeal waiver de novo.  *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

Gonzales does not allege, and there is nothing in the record to suggest, that his ratification of the plea agreement was unknowing or involuntary.  The appeal waiver was explained to Gonzalez at rearraignment, and Gonzalez indicated that he understood it.  Accordingly, we find that the appeal waiver was knowing and voluntary, and it is, therefore, enforceable.  *See McKinney*, 406 F.3d at 746.  Because the appeal waiver was knowing and voluntary, and the claim Gonzalez raises on appeal does not fall under the exceptions to the appeal waiver, the appeal waiver bars Gonzalez's appeal.  *See Bond*, 414 F.3d at 544.

AFFIRMED.