# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2013

Lyle W. Cayce
Clerk

No. 12-50693
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR GALINDO, also known as Silent,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2213-13

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hector Galindo appeals the life sentence imposed after his guilty plea conviction for conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity. He argues that the appeal waiver was not knowing and voluntary, that the district court misled him by advising him that he had a limited right to appeal at sentencing, and that enforcement of the appeal waiver would result in a miscarriage of justice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record reflects that Galindo understood he had a right to appeal and that he was giving up that right. He signed the plea agreement containing the appeal waiver, the district court properly advised him concerning the appeal waiver at rearraignment, he stated that he understood and agreed to waive his right to appeal, and he did not ask any questions or express any confusion concerning the appeal waiver. Therefore, Galindo knowingly and voluntarily waived the right to appeal his sentence, but he reserved the right to appeal an upward adjustment for an aggravating role in the offense under U.S.S.G. § 3B1.1. *See United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005). Further, the district court's statements at sentencing were not misleading as the district court expressly stated that Galindo's right to appeal was limited by the terms of his plea agreement. Galindo has not shown that the enforcement of the waiver would result in a miscarriage of justice.

Second, Galindo asserts that the district court erred in finding that he was a leader or organizer in the offense warranting a four-level upward adjustment under § 3B1.1(a). He asserts that the Government did not present any evidence to show that he had decision making authority, that he committed acts of violence or recruited Barrio Azteca (BA) members, that he was involved in planning or organizing the conduct of BA members who were not incarcerated, or that he had a claim to a larger share of the profits.

We review the district court's finding that Galindo was a leader or organizer in the offense warranting a four-level increase under § 3B1.1(a) for clear error. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). As an initial matter, we note that Galindo's advisory guidelines range would not have changed even if no enhancement for his role in the offense was applied. Even if the application of the enhancement influenced the district court's decision to impose a guidelines sentence of life imprisonment and to reject Galindo's request for a below guidelines sentence, the district court's finding was not clearly erroneous.

No. 12-50693

Because Galindo did not present any evidence to rebut the information in the presentence report (PSR), the district court was free to adopt it without further inquiry. *See id.* The district court's finding is supported by the factual basis, which Galindo admitted was true, as well as the information in the PSR and the evidence presented by the Government at the sentencing hearing. It all showed that Galindo was a lieutenant in the BA gang and had been a member since 1994, that he used his cell phone to control the activities of BA members within and outside of the Texas Department of Criminal Justice prison system, and that he coordinated the collection and distribution of money from street drug dealers to the commissary accounts of incarcerated BA members. Because the district court's finding as to Galindo's role in the offense is plausible in view of the record as a whole, it did not clearly err in imposing the four-level increase under § 3B1.1(a). *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

AFFIRMED.