# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2013

No. 12-50644
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RICARDO GONZALES, Also Known as Cuate,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:10-CR-2213-31

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricardo Gonzales appeals the below-guidelines, 360-month sentence imposed following his guilty-plea conviction of conspiracy to violate the Rack-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eteer Influenced and Corrupt Organizations Act. Pursuant to a written plea agreement, Gonzales waived the right to appeal his sentence directly for any reason or to appeal it in a post-conviction proceeding, except where he alleged constitutional defects arising out of prosecutorial misconduct or ineffective assistance of counsel. Gonzales contends that his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and because it creates an unwarranted sentence disparity.

The government seeks to enforce the appeal waiver, arguing that it bars the appeal. Gonzales urges this court to adopt the view that appeal waivers are invalid and unenforceable. He also contends that his waiver was not knowing and voluntary and that enforcing it would lead to a miscarriage of justice. Gonzales did not object to the validity of the waiver during the plea colloquy, so our review is for plain error only. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011).

As for Gonzales's suggestion that we deem appeal waivers invalid and unenforceable, his argument is unavailing. Appeal waivers are valid if they are knowing and voluntary. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Moreover, Gonzales's representations at his plea hearing belie his assertion that the waiver was not knowing or voluntary. When he pleaded guilty, he repeatedly affirmed that he understood the waiver provision and noted that he had discussed the plea agreement with counsel. He did not ask any questions, seek clarification, or express confusion concerning the waiver. *See United States v. Bond*, 414 F.3d 542, 544 & n.4 (5th Cir. 2005) (noting that a defendant will be held to the terms of the plea agreement where the record indicates that he read and understood the agreement and raised no questions about the waiver-of-appeal provision). Gonzales told the court that he understood and agreed to the terms of the waiver and that no one had threatened him or made any promises to force him to sign the plea agreement. Although he attempts to walk back

those representations now, his "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted).

Gonzales has shown no error, plain or otherwise. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). He has not established that the waiver is invalid, so we will not address his sentencing arguments. *See Story*, 439 F.3d at 231.

AFFIRMED.