# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2013

Lyle W. Cayce
Clerk

No. 12-40935
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO ALBERTO CHAPA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-217-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Julio Alberto Chapa pleaded guilty, pursuant to a written plea agreement, to one count of conspiring to possess with intent to distribute more than 1,000 kilograms of marijuana. Within the plea agreement, Chapa waived his right to appeal or to file a postconviction challenge to his conviction or sentence, although he reserved his right to challenge a sentence exceeding the statutory maximum or an upward sentencing departure not requested by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government.  The district court ultimately imposed a sentence of 262 months in prison, at the bottom of the applicable guidelines range, and a five-year term of supervised release.

On appeal, Chapa asserts that the district court erred in determining that he was an organizer or leader of the conspiracy, which finding resulted in a four-level increase to Chapa's base offense level.  The Government has moved to dismiss the case in light of the waiver-of-appeal provision in the plea agreement; alternatively, the Government requests an extension of time to file an appellate brief.  Chapa does not oppose the Government's motion, and he has not submitted a reply brief.

The sole appellate issue raised by Chapa does not fall within the listed exceptions to the appeal waiver.  Nothing in the record indicates that Chapa's waiver of his right to appeal was anything other than knowing and voluntary.  *See United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005).  The Government did not breach the plea agreement.  Therefore, the appeal waiver bars consideration of Chapa's appellate issues.  Although a valid waiver does not implicate our jurisdiction, *see United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006), Chapa's appeal of his sentence is clearly barred by the waiver.  As a result, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.  The Government's alternative motion to extend the time to file its brief is DENIED as moot.