**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2013

No. 12-11113
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINO ESTRADA-VILLEGAS, also known as Junior,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-146-16

Before JOLLY, SMITH, AND CLEMENT, Circuit Judges.

PER CURIAM:[*]

Regino Estrada-Villegas (Estrada) appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing methamphetamine. Estrada seeks to challenge the reasonableness of his sentence. He implicitly acknowledges that the argument he seeks to raise is barred by the appeal waiver in his plea agreement. He argues that he did not knowingly and voluntarily enter into the appeal waiver because a defendant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cannot knowingly and voluntarily waive his right to appeal a sentence prior to the sentence being imposed. He concedes that this argument is foreclosed by circuit precedent, but he requests that this court reexamine and overturn this precedent.

The Government has moved for summary affirmance of this case based on the appeal waiver in the plea agreement. The record shows that Estrada knowingly and voluntarily agreed to the appeal waiver, making the appeal waiver enforceable. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). As the argument Estrada seeks to raise on appeal does not fall within the exceptions to the appeal waiver, his appeal is barred by the appeal waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). As Estrada concedes, this court has rejected his argument that a defendant cannot knowingly and voluntarily waive his right to appeal a sentence prior to the sentence being imposed, and this court has held that "the uncertainty of Appellant's sentence does not render his waiver uninformed." *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992). While Estrada asserts that we should reconsider the holding in *Melancon*, we may not overrule the decision of another panel absent a superseding en banc or Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

The Government's motion for summary affirmance is GRANTED. The Government's alternative motion to extend the time to file its brief is DENIED.

AFFIRMED.