# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50996
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELEUTERIO BARRERA, JR., also known as Teo, also known as Eleuterio Barrera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-62-7

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Eleuterio Barrera, Jr., has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Barrera has filed a response and has moved for appointment of substitute counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50996

In his plea agreement, Barrera agreed generally to waive the right to appeal his sentence, except that he reserved his right to appeal his sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct in violation of the Constitution. We agree with counsel that there is no nonfrivolous argument regarding the enforceability of Barrera's wavier. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

Barrera does not argue in his response that the waiver is unenforceable. Rather, he argues that his lawyer was ineffective in failing to object adequately to an adjustment of his offense level based on his managerial role. We decline to consider Barrera's claim that counsel was ineffective, without prejudice to Barrera's right to seek collateral review, because the record is not sufficiently developed to allow us to fairly evaluate that claim. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (noting that it is "rare" that the "record allows a reviewing court to fairly evaluate the merits of [an ineffectiveness] claim" on direct appeal), *cert. denied*, 135 S. Ct. 123 (2014).

After reviewing counsel's brief, the relevant portions of the record, and Barrera's response, we concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. Barrera's request for appointment of substitute counsel is DENIED.

Counsel asserts that the district court committed several clerical errors by stating in the "Supervised Release" portion of the judgment: (1) that Barrera should be evaluated for and permitted to attend the 500-Hour Intensive Drug Abuse Education Program; (2) that Barrera should participate in all appropriate counseling programs while incarcerated; and (3) that Barrera should be incarcerated at "F.C.I. Three Rivers, Texas." Counsel contends that

these statements do not pertain to conditions of supervised release and, therefore, should have been placed in the "Imprisonment" portion of the judgment. Barrera's counsel has certified that the Government does not oppose a limited remand to the district court for correction of the judgment. The case is therefore REMANDED for the purpose of giving the district court an opportunity to consider whether the judgment should be corrected. *See* FED. R. CRIM. P. 36.