# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

Lyle W. Cayce
Clerk

No. 14-10713
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

STUART RAY MITCHELL,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:12-CR-5-37

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Stuart Ray Mitchell appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. The claims that Mitchell seeks to raise on appeal are (1) the district court's drug quantity determination was clearly erroneous; (2) the district court plainly erred by basing the sentence on clearly erroneous facts; and (3) the sentence was substantively plainly erroneous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10713

The Government argues that the claims raised by Mitchell are barred by the appeal waiver in the plea agreement.  Mitchell asserts that the appeal waiver is not enforceable because it was not voluntary.  He contends that the appeal waiver was not voluntary because he did not receive the proper consideration for the plea agreement due to his counsel's enlargement of the drug quantity admission in the factual resume and the probation officer's and district court's adoption of the enlarged drug quantity admission.

At rearraignment, the district court explained the appeal waiver in detail to Mitchell.  It asked Mitchell whether he had any questions about the appeal waiver, and Mitchell stated that he did not.  Accordingly, Mitchell entered into the appeal waiver knowingly and voluntarily, and the appeal waiver is enforceable.  *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  Mitchell's argument that defense counsel, the probation officer, and the district court misconstrued the factual resume at sentencing is nothing more than a claim of sentencing error that is barred by the appeal waiver.  Furthermore, the record shows that only defense counsel misconstrued the factual resume.  As the plain language of the appeal waiver shows that the claims that Mitchell seeks to raise on appeal do not fall under any of the exceptions to the appeal waiver, his appeal is barred by the appeal waiver.  *See United States v. Bond*, 414 F.3d 542, 544-46 (5th Cir. 2005).

APPEAL DISMISSED.