# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60784
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANJAY SINHA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CR-9-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Sanjay Sinha appeals his guilty plea conviction and sentence for possession with intent to distribute and dispense a Schedule IV controlled substance outside of the scope of professional practice. Sinha argues that (1) the district court erred in denying his motion to dismiss the indictment on the ground that the Government failed to allege that he issued prescriptions "for no legitimate medical purpose," a critical element of the offense; (2) the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60784

district court erred in holding him responsible for all of the prescriptions written in Mississippi as part of his relevant conduct; and (3) the appeal waiver was not knowing and voluntary and does not bar this appeal.

In Sinha's plea agreement, he agreed to waive "the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever." Sinha reserved only the right to raise a claim of ineffective assistance of counsel. According to Sinha, the appeal waiver was not knowing and voluntary because he could not have anticipated that the district court would err in calculating his sentence based on relevant conduct and because the Government led him to believe that relevant conduct would only include the counts to which he pleaded guilty. The Government seeks to enforce the appeal waiver and moves for dismissal of the appeal or, alternatively, summary affirmance.

To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, this court analyzes whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). For a waiver to be knowing and voluntary, the defendant must know that he had a right to appeal and that he was giving up that right. *United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005). The record shows that Sinha's appeal waiver was knowing and voluntary. Sinha's challenge to the validity of his appeal waiver is unavailing. This Court has consistently held that sentencing determinations made after an appeal waiver is signed do not render that agreement invalid. *See United States v. Alvarado-Casas*, 715 F.3d 945 (5th Cir. 2013) (because appellant indicated that he read and understood his appeal waiver, the waiver

2

precluded appeal of alleged double-counting error under the Sentencing Guidelines); *see also United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992) ("the uncertainty of Appellant's sentence does not render his waiver uninformed").

We need not decide whether the appeal waiver bars Sinha's claim that the district court erred in denying his motion to dismiss the indictment because Sinha concedes that this claim is foreclosed by *United States v. Fuchs*, 467 F.3d 889, 900-01 (5th Cir. 2006). *See id.* (holding that "a medical professional 'can be prosecuted under § 841 when [his] activities fall outside the usual course of professional practice'" (quoting *United States v. Moore*, 423 U.S. 122, 124 (1975))).

Accordingly, the Government's motion to dismiss is GRANTED in part and DENIED in part. The Government's alternative motion for summary affirmance is GRANTED in part and DENIED in part. The appeal is DISMISSED in part and the district court's denial of Sinha's motion to dismiss the indictment is AFFIRMED.