# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER MICHAEL BURGESS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-503-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Christopher Michael Burgess pleaded guilty to possession of child pornography depicting prepubescent minors, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court imposed a 180-month sentence, based in part on a four-level "vulnerable victim" sentencing enhancement. U.S.S.G § 3A1.1(b). Prior to sentencing, Burgess moved to withdraw his guilty plea, asserting the plea was not knowing and voluntary.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-10141

Burgess challenges that motion's denial as well as the "vulnerable victim" sentencing enhancement.  The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion.  *United States v. Clark*, 931 F.2d 292, 294 (5th Cir. 1991).

The court had broad discretion in deciding whether Burgess had shown "a fair and just reason" for withdrawing the plea.  Fed. R. Crim. P. 11(d)(2)(B); *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).  The court considered the factors set forth in *Carr* and determined, *inter alia*:  Burgess had not consistently asserted his innocence; his one-year delay in moving to withdraw was not reasonable; he was closely assisted by counsel prior to his plea; and the plea was in all other respects knowing and voluntary.  The record establishes that, under the totality of the circumstances, the court did not abuse its discretion by denying Burgess' motion to withdraw the plea.  *See Carr*, 740 F.2d at 344.

Burgess concedes that, if his plea is valid, his claim about the enhancement is barred by the valid appeal waiver contained in his written plea agreement.  Because the plea is valid, Burgess' contention about the "vulnerable victim" enhancement is barred by the appeal waiver.  *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

AFFIRMED.