# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2019

Lyle W. Cayce
Clerk

No. 18-40247
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMENA FAVIOLA SALAZAR-ALANIS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-178-6

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jimena Faviola Salazar-Alanis pleaded guilty to conspiring to possess with intent to manufacture and distribute methamphetamine. Her plea agreement provided that she waived her right to appeal her conviction or sentence. She reserved the rights only to challenge a sentence that exceeded the statutory maximum sentence and to assert ineffectiveness of counsel in a collateral proceeding. However, she contends that her plea agreement and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waiver are invalid because she received no benefit or consideration in exchange for her plea.  She also asserts that the advisory guideline range was incorrectly calculated and that the judgment incorrectly states the crime of conviction.

We review the validity of the appeal waiver only for plain error because Salazar-Alanis did not make any challenge to the validity of the agreement in the district court.  *See Puckett v. United States*, 556 U.S. 129, 133-34 (2009).  To establish plain error, Salazar-Alanis must show an error "that has not been intentionally relinquished or abandoned," that is "clear or obvious, rather than subject to reasonable dispute," and that has affected her substantial rights by affecting the outcome of the proceedings.  *Id.* at 135.  If she does that, we have the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and amendment omitted).

Although general contract principles apply to plea agreements, we have never expressly held that consideration is necessary to support a valid plea bargain. *See United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991). Salazar-Alanis cites general principles of contract law in a well-expressed effort to establish that consideration is required and that it is lacking in her case.  Nonetheless, because no Fifth Circuit precedent supports her novel contention, we decline to find clear or obvious error in the district court's acceptance of the plea agreement, where there was no contention that it was invalid for lack of consideration or any other reason.  *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

Accordingly, the plea agreement is enforceable.  In addition, no exception applies because Salazar-Alanis does not contend that the sentence exceeded the statutory maximum sentence, and she does not attempt to raise a claim of ineffective counsel.  *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th

No. 18-40247

Cir. 2005).  We therefore decline to consider her arguments that she should not have been assessed an aggravating-role increase and that the judgment incorrectly states that she was convicted of possession with the intent to manufacture as well as to distribute methamphetamine.  *See id.*

The judgment is AFFIRMED.