# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2020

Lyle W. Cayce
Clerk

No. 19-50159
c/w No. 19-50581
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

ENRIQUE TAVAREZ,

Defendant−Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-82-6

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

Enrique Tavarez challenges his guilty-plea conviction and 120-month, within-guidelines sentence for conspiring to possess with intent to distribute, and conspiring to distribute, five kilograms or more of cocaine. Tavarez contends that his plea agreement was unknowing, involuntary, and void such that his appellate waiver is unenforceable because he did not receive any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50159
c/w No. 19-50581

consideration for his plea beyond valueless promises from the Government. As Tavarez did not challenge his plea agreement or move to withdraw his guilty plea on this basis in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 133-35 (2009); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002).

Although we have applied general principles of contract law to the interpretation of plea agreements, *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006), we have never expressly held that valid plea agreements require consideration, *see, e.g.*, *United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991). We ordinarily do not find plain error when we have not previously addressed an issue. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). Moreover, Tavarez does not attempt to satisfy the plain error standard. *See Puckett*, 556 U.S. at 135.

Because the plea agreement and appeal waiver are valid, and because Tavarez's challenge to the denial of a U.S.S.G. § 5C1.2 adjustment is barred by the terms of the waiver, we do not consider his § 5C1.2 argument. *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005). The judgment of the district court is AFFIRMED.