# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2021

Lyle W. Cayce
Clerk

No. 20-50919
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gustavo Placancia-Rosendo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-181-2

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Gustavo Placancia-Rosendo pleaded guilty to one count of unlawfully transporting aliens for commercial advantage or financial gain, and he was sentenced to serve 21 months in prison and a three-year term of supervised release. Now, he argues that the Government breached the plea agreement,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

thus releasing him from its appellate waiver clause, by failing to ensure that he received a sentencing adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and that the district court erred by not granting him this credit.

The Government's alleged breach of a plea agreement may be raised on direct appeal despite an appeal waiver, and the issue whether a breach occurred is a legal one that is reviewed de novo. *United States v. Purser*, 747 F.3d 284, 289-90 & n.11 (5th Cir. 2014). However, where, as here, the defendant fails to object to the Government's alleged breach of the plea agreement and does not move to withdraw his guilty plea on grounds that the Government broke its sentencing promises, review is for plain error. *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014). Under this standard, one must show a clear or obvious error that affected his substantial rights, and this court will exercise its discretion to correct a plain error only if it "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted). Placancia-Rosendo has not met this standard.

The record shows that Placancia-Rosendo failed to fulfill his obligation under the plea agreement to be completely truthful with the Government concerning all of his unlawful activity. This freed the Government of its obligations under the agreement, and there was no breach. Because there was no breach, Placancia-Rosendo will be held to the bargain he struck, which included a waiver of his appellate rights. This waiver is enforceable because the record shows that it was knowing and voluntary. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005). Additionally, the plain language of the agreement shows that it bars Placancia-Rosendo's challenge

No. 20-50919

to the denial of the § 3E1.1 adjustment, as the waiver precludes all sentencing claims.  The judgment of the district court is AFFIRMED.